**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GLENN SHERARD; et al.,

               Plaintiffs-Appellants,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

               Defendant-Appellee.

No. 16-35246

D.C. No. 2:14-cv-00840-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted March 8, 2018[**]
Seattle, Washington

Before: RAWLINSON and CHRISTEN, Circuit Judges, and FREUDENTHAL,[***] Chief District Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Nancy Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

Glenn and Carol Sherard and Erin and Fred Schlect (collectively, "plaintiffs") appeal the district court's grant of summary judgment in favor of Safeco Insurance Company of America (Safeco). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err by finding that the Sherards' assignment of the replacement cost holdback was invalid. According to their insurance policy with Safeco, the Sherards were only entitled to the replacement cost holdback if they actually replaced or repaired the damaged property. Because the Sherards did not replace or repair the property, they had no right to the replacement cost holdback. *See Hess v. N. Pac. Ins. Co.*, 859 P.2d 586, 589 (Wash. 1993) (en banc).

2. The district court did not err by granting summary judgment in favor of Safeco on the Schlects' contractual and extra-contractual claims. Because the assignment was invalid, the Schlects had no rights under the Sherards' insurance policy.

3. Plaintiffs did not argue before the district court that Safeco should be estopped from challenging their assignment on grounds that Safeco did not raise when it originally denied the assignment. Thus, they may not raise the argument for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

4.  Plaintiffs' remaining claims were voluntarily dismissed with prejudice. We do not address plaintiffs' arguments to the extent they are based upon these claims.

**AFFIRMED.**